## Rehrig v. Rohlfing

*John DiBernardino,* for petitioners.
*Janet Rohlfing,* in propria persona.

WEBB, *J.,* June 18, 1992—Petitioners, Aja Rehrig and her parents, Todd and Nikki Rehrig, seek an order from this court permitting transfer of funds from a federally-insured, restricted minor's account to an uninsured, higher

interest-bearing mutual fund account. Before we address the merits of their petition, we observe the following

## FACTUAL BACKGROUND

On April 2, 1992, this court approved a settlement between petitioners and respondent's insurance carrier for a dog-bite injury to the minor petitioner's face. At the time, no civil action for recovery of damages was pending between the parties.

Under the terms of our order, $25,944.50 was to be deposited in the minor's name in an interest-bearing savings account, money market account, or certificate of deposit at Hazleton National Bank, a federally-insured depository. Another term of this order provided that, prior to the minor's 18th birthday on November 14, 1997, no principal or interest of this deposit could be withdrawn, except upon court order. (See Appendix "A" attached to this memorandum opinion and order.)

We held an evidentiary hearing on the petition to transfer funds on May 29, 1992. In support of their petition, the Rehrigs relied solely on Todd Rehrig, Aja's father, whose testimony can be fairly summarized as follows.

Mr. Rehrig is a development engineer in vinyl emulsions for Air Products and Chemicals Corp. in Trexlertown, Lehigh County, Pennsylvania. His work responsibilities place him in charge of enormous quantities of chemicals and large corporate projects. He is experienced in managing his personal investments through company-sponsored investment plans and, over the past eight years, has periodically invested his money with Twentieth Century Investors Inc. in mutual funds.

Twentieth Century's assets are not insured by the federal government. Based in Kansas City, Missouri, it is a privately-held, investment firm specializing in mutual funds.

Although Mr. Rehrig lacks both professional experience and formal education in the field of finance, he has become familiar with the advantages and risks inherent in the various financial instruments on the market today, investment vehicles such as certificates of deposit, mutual funds, money market accounts, stocks and bonds. To date, Mr. Rehrig's mutual fund investments have yielded rates of return of 15 percent to 20 percent.

Mr. Rehrig testified that Aja's settlement proceeds are now invested in a money market account at Hazleton National Bank.

Mr. Rehrig expressed disappointment and frustration with the 3.5 percent to 6 percent range of interest rates presently offered on savings and money market accounts and certificates of deposit. He believes that investing Aja's settlement proceeds in Twentieth Century's mutual funds will yield a higher return.

The evidence introduced at our hearing revealed Twentieth Century investments have yielded rates of return of 15 percent to 26 percent over the past five years.

## DISCUSSION

Disposition of the present petition to transfer funds is governed by a long-standing Rule of Civil Procedure promulgated by the Pennsylvania Supreme Court. This rule, in pertinent part, provides that:

"(b) When a compromise or settlement [in an action to which a minor is a party] has been [    ] approved by the court,... the court, upon petition by the guardian or any party; to the action, shall make an order approving or disapproving any agreement entered into by the guardian for the payment of counsel fees and other expenses out of the fund created by the compromise, settlement or

judgment; or the court may make such order as it deems proper fixing counsel fees and other proper expenses. The balance of the fund shall be paid to a guardian of the estate qualified to receive the fund, if he has one or one is to be appointed. If the minor has no such guardian, and none is to be appointed, the court may order...

"(2) any amount in cash ... to be deposited in one or more savings accounts in the name of the minor in banks, building and loan associations or savings and loan associations, *deposits in which are insured by a federal government agency* provided that the amount deposited in any one such savings institution shall not exceed the amount to which savings are thus insured. Every order shall contain a provision that no withdrawal can be made from any such account until the minor attains his majority, except as authorized by a prior order of court...." Pa.R.C.P. 2039(b)(2). (emphasis added)

Clearly, our order directing payment of the settlement proceeds totalling $25,944.50 into a minor's restricted account at Hazleton National Bank was made in accordance with this Rule. It required a deposit in the name of Aja, the injured minor, to be made and held at Hazleton National Bank, a federally-insured bank, until Aja reached her 18th birthday. See Pa.R.C.P. 2039(b)(2); Appendix "A." *Accord:* 20 Pa.C.S. §5103.

Rehrigs' petition seeks permission to remove some or all of the minor's funds from this federally-insured institution for deposit with an uninsured investment firm. This request, though laudable given the more attractive interest rates offered by the firm, must be denied.

The purpose behind Pa.R.C.P. 2039 is to ensure that an injured minor receives her principal upon reaching her 18th birthday. This aim is best accomplished by requiring, as the rule does, that a minor's settlement funds

be continuously maintained in a federally-insured banking institution.

As the current federal savings and loan crisis highlights so well, when the investments of a federally-insured bank sour, the bank's customers do not suffer. Their deposits are repaid in full by the Federal Deposit Insurance Corp. By contrast, when investors on the world's financial markets, such as Rehrigs aspire to be, lose money on investments, as in the October 1987 stock market crash, no one is there to make up the lost investment.

In the instant case, the risk that Aja will lose some or all of her principal runs afoul of Pa.R.C.P. 2039. The vacillations of uninsured securities markets provide no safe harbor for Aja's principal. In making this decision, we are mindful of our discretion to authorize distributions under Pa.R.C.P. 2039(b)(2), but believe it more sound to refrain from "playing the market" with Aja's money.

Rehrigs argue they are not bound by the requirement of Pa.R.C.P. 2039 to maintain Aja's principal in a federally-insured institution:

"(17) The court is not bound by the restriction contained in Rule 2039(b)(2) that the funds must be invested in a federally insured institution since Rule 2039 only applie[s] where an action or lawsuit has been commenced and no lawsuit has been commenced in this matter, [but] only a petition to compromise a minor's action as required by the insurance carrier as a condition of settlement of the action."* Petition at section 17.

Even assuming Pa.R.C.P. 2039 does not apply to settlements involving minors upon which suit has not been

---

* Rehrigs did not introduce testimony to substantiate their claim that defendant's insurance carrier required court-approval of the settlement as a precondition of actual settlement. We, however, shall assume such testimony exists.

commenced, see dictum in *Bollinger v. Randall,* 184 Pa. Super. 644, 135 A.2d 802 (1957) (citing *Lucabaugh Estate,* 74 D.&C. 68 (1949)), Rehrigs are bound by Pa.R.C.P. 2039 to maintain Aja's principal at a federally insured bank.

Defendant's insurance carrier required court-approval of Aja's agreement to settle as a condition precedent for actual settlement. By filing their initial petition to compromise a minor's action in the Prothonotary's Office, Rehrigs acknowledged this term of the settlement agreement.

More importantly, however, by filing in the Prothonotary's Office, Rehrigs submitted themselves to the operating procedures promulgated by the Pennsylvania Supreme Court for this court, including the applicable provisions of Pa.R.C.P. 2039. Under this Rule, the only means by which Rehrigs could acquire court approval was by the terms of 2039(b)(2), which, of course, requires the principal to be deposited in a federally insured institution.

Thus, we are compelled to deny Rehrigs' petition to transfer funds to an investment house not insured by the federal government. Accordingly, we enter the following

## ORDER OF COURT

And now, June 18, 1992, upon consideration of Rehrigs' petition to transfer funds from the minor's restricted account and the arguments of counsel, it is hereby ordered and decreed that the petition to transfer funds be and hereby is denied.

## APPENDIX A

### ORDER OF COURT

And now, April 2, 1992, upon consideration of the petition to compromise a minor's action, it is hereby ordered and decreed as follows:

(1) Compromise of the minor's action in the amount of $39,000 is approved.

(2) The fee and reimbursement of costs to petitioners' counsel, John DiBernardino, Esquire, in the amount of $13,055.50 from the gross compromise figure of $39,000 is approved.

(3) The remainder of $25,944.50 shall be deposited in an interest bearing savings account, money-market account or certificate of deposit at Hazleton National Bank, a federally insured depository, entitled in the name of the minor, subject to the express restriction which shall be noted upon the records of the deposit that except upon further order of the court, no withdrawals of principal or interest shall be made until the minor attains the age of 18 years, which event will occur on November 14, 1997. At that time the depository shall, upon order of the former minor, and without the necessity of an accounting or further order of the court, pay the funds then on deposit in the restricted account to the former minor and promptly file proof of such payment with the Clerk of the Orphans' Court Division.

As evidence of compliance with this order, there shall be filed within 10 days of the date thereof with the Clerk of the Orphans' Court Division a sworn acknowledgement by an authorized official of the depository that the balance of the money as herewith allotted to the minor legatee has been deposited in the manner aforesaid, and subject to the restrictions on withdrawals having been noted on the bank's records and in the passbook or in the certificate, as directed.